```
                    FILED
            CLERK, U.S. DISTRICT COURT

                  FEB 1 9 2016

            CENTRAL DISTRICT OF CALIFORNIA
            BY                      DEPUTY
```

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FAYE HSIN-I KU,<br><br>　　　　Defendant. | Case No.  16-299M<br><br>ORDER OF DETENTION |

## I.

Defendant appeared before the Court on February 16, 2016 for her initial appearance and arraignment and requested a continuation of the detention hearing. The Court conducted a detention hearing on February 19, 2016. Assistant U.S. Attorney Christopher Kendall appeared on behalf of Plaintiff United States of America, and Deputy Federal Public Defender Jennifer Uyeda appeared on behalf of defendant Faye Hsin-I Ku.  The Court has reviewed the updated Pre Trial Services Report along with the Report that was previously issued, both of which recommend that defendant be detained, and has heard arguments from counsel. The Government continues to request detention.  Defendant requests release on an

unjustified Appearance Bonds totaling $43,000 signed by defendant's father and step-mother, and various friends, to include a $5,000 cash bond posted by the defendant's step-mother. If released, Defendant contends that she can reside with her father and step-mother in Texas or with a friend in Los Angeles.

The Court finds that there are presently no condition or combination of conditions will reasonably assure both the appearance of the defendant as required and the safety of any person or the community. Although the Court believes that it can impose conditions such as home incarceration with electronic monitoring to address concerns regarding flight or non-appearance, such restrictions do not give sufficient assurance regarding the potential danger to others or the community, to include defendant's two older children, given defendant's previous violations of Court orders, and failures to comply with Court orders. Given defendant's flagrant and brazen violations of a Court-ordered parenting plan relating to defendant's contacts with her two older children, and the allegations in the criminal complaint, the Court finds that defendant remains at risk, if released, for non-appearance at future court proceedings and will pose a danger to her two older children who are not in the defendant's custodial care.

The Court has considered: (a) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of the danger to any person or the community. [18 U.S.C. § 3142(g)].

The Court also notes that the allegations in the complaint mirror defendant's previous attempt to violate a Court Order by taking her children out of the United States.

1    IT IS THEREFORE ORDERED that the defendant be detained until trial. The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel. On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding. [18 U.S.C. § 3142(i)]

Dated: February 19, 2016

    /s/
HON. ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE